In the Matter of Robert J.
KACZOROWSKI, Debtor.

Thomas M. GERMAIN,
Trustee, Plaintiff,

v.

Judy KACZOROWSKI, Defendant.

Bankruptcy No. 2–87–00854.
Adv. No. 2–87–0129.

United States Bankruptcy Court,
D. Connecticut.

June 14, 1988.

Thomas M. Germain, Hartford, Conn.,
plaintiff, Trustee.

JoAnn Paul, Beck and Eldergill, Manchester, Conn., for defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

In this core proceeding, *see* 28 U.S.C. § 157(b)(2)(H) (Supp. III 1985), the plaintiff-trustee, Thomas M. Germain, contends that a debtor's pre-petition conveyance to his wife of his one-half interest in the family residence constituted a fraudulent transfer. Judy Kaczorowski, the defendant-transferee, defends on the ground that she gave the debtor reasonably equivalent value in exchange for the transfer. The following facts, elicited at a short trial held on May 11, 1988, are not disputed in any significant way by either party.

### II.

### BACKGROUND

Robert J. Kaczorowski, the debtor in this voluntary chapter 7 case, and the defendant intermarried in 1972. The Kaczorowski's in 1978 jointly purchased as tenants-in-common property known as 279 Three Mile Road, Glastonbury, Connecticut (the residence). Two children of the marriage were born in 1979. Marital difficulties arising out of many factors, but including the debtor's mounting financial difficulties, reached a peak in the summer of 1986. The defendant at that time was employed as a high school teacher, and the plaintiff was operating a failing financial services business.

The defendant, on August 6, 1986, retained an attorney to institute a marriage dissolution action and to obtain for her the debtor's interest in the residence. The debtor's debts then exceeded $700,000.00; a 1978 automobile and his interest in the residence were his sole assets. The residence, in August, 1986, had a market value of $153,000.00 and was subject to two mortgage liens totaling $75,000.00. The

defendant's divorce lawyer, concerned about the possibility of the debtor filing a bankruptcy petition, contacted an attorney experienced in bankruptcy law for advice on how to structure a conveyance of the debtor's interest in the residence to the defendant. The bankruptcy attorney advised the defendant that she should pay to the debtor $37,500.00 in cash or cash equivalent as consideration for the debtor's approximate equity in the residence.

The defendant raised $10,000.00 from relatives, and the following events then occurred. On or about August 20, 1986, the defendant served a complaint on the debtor claiming a dissolution of marriage, custody of and support for minor children, alimony, counsel fees and a conveyance of the debtor's one-half interest in the residence. The complaint was returnable to the Connecticut Superior Court on September 2, 1986. On August 26, 1986, the debtor and the defendant executed a "Marital Settlement Agreement" (Agreement) which stated in the preamble that an action for dissolution of the marriage was pending and that the parties had reached certain agreements "in an effort to minimize the disputes and stress that often arise during the dissolution of a marriage". Paragraph 14 of the Agreement reads as follows:

14. *Real Property*

Husband shall Quit–Claim his one-half interest in the family home, 279 Three Mile Road, Glastonbury, Connecticut, to Wife. Wife shall pay Husband $10,000.00 cash. It is agreed that Wife has a one-half interest in the family home and that the consideration for wife receiving a portion of Husband's equity in the family home is a lump-sum alimony payment.

It is agreed that the fair market value of the family home, 279 Three Mile Road, Glastonbury, Connecticut, is $153,000.00 in accordance with the appraisal of Robert N. Keating.

The debtor, by deed dated and recorded on September 8, 1986, quitclaimed his one-half interest in the residence to the defendant and thereafter received from her $10,-000.00 in cash. The debtor used this money to pay certain of his creditors.

The Agreement stated that the parties were then "living separate and apart from each other." In fact, the debtor never moved out of the residence—during the next several months, and prior to January 1, 1987 according to the debtor, the parties reconciled, and the marriage dissolution action was withdrawn from state court. The debtor and defendant have since continued to live as husband and wife in the residence. The debtor secured new employment with a bank in January, 1987, at an annual salary of $45,000.00.

The debtor filed his bankruptcy petition on August 12, 1987. His schedules list $728,709.90 in liabilities and no non-exempt assets.

### III.

### DISCUSSION

Section 548(a) of the Bankruptcy Code provides that a trustee may avoid a transfer of an interest of the debtor in property made within one year of the date before the filing of the petition if the debtor was insolvent on the date of the transfer and he received "less than a reasonably equivalent value in exchange for such transfer." 11 U.S.C. § 548(a)(Supp. IV 1986). As noted, the only element of § 548(a) in dispute between the parties is whether the debtor received reasonably equivalent value for the transfer.

This court has previously held that a pre-petition lis pendens recorded by a wife against realty of the debtor at the commencement of a marriage dissolution action did not constitute a fraudulent transfer when the state divorce court, for sufficient ascertainable reasons, post-petition, awarded the realty to the wife and released the debtor from all future alimony. *In re Ottaviano*, 63 B.R. 338 (Bankr.D.Conn.1986). *Ottaviano* also ruled that the value of what was received in exchange for the transfer is a question of fact to be decided by the bankruptcy court. *Id.* at 342.

■ Under the facts of this proceeding, where an insolvent husband transfers his

only significant asset to his wife as "lump-sum alimony", the husband never leaves the family home, no dissolution of marriage or meaningful separation ever takes place, and within four months of the transfer the parties resume marital relations with the husband fully contributing to family support, no finding of reasonably equivalent value for the transfer can possibly be made. The defendant, in her post-trial memorandum, seeks to avoid this obvious result by asserting that the court must only look at the "facts and circumstances as they existed [on the date of transfer]." *Defendant's Memorandum* at 15. The events after September 8, 1986, the defendant asserts, should be ignored. Such a contention is meritless. The stated consideration of lump-sum alimony never materialized. Whether value has been given for a transfer depends upon all the circumstances of a case, and no trier of fact can ignore failure of consideration. "[R]easonably equivalent value under § 548 excludes future consideration, at least to the extent not actually performed." *Gray v. Snyder*, 704 F.2d 709, 711 (4th Cir.1983).

The defendant attempts to locate additional consideration for the transfer from a claim of the defendant that her income constituted the sole source of family support during the period of time prior to the resumption of marital relations "when the debtor was using all of his available funds to manage his existing debt." *Defendant's Memorandum* at 14. Aside from the problem that there is no basis on the record to quantify this amount, in Connecticut "as between husband and wife, there is a rebuttable presumption that the parties intended that all expenditures made after [their] separation, even if only made by one of them, would continue to accrue for the benefit of both parties without any future accounting or contribution." *Lerman v. Levine*, 14 Conn.App. 402, 412, 541 A.2d 523 (1988) (citations omitted) (Borden, J. concurring and dissenting).

I find that the defendant did not give reasonably equivalent value to the debtor for the transfer to her of his interest in the residence and that, accordingly, the transfer may be avoided by the trustee.

## IV.

## CONCLUSION

Neither party has in post-trial memoranda discussed the nature of the relief the court should order in the event of the finding of a fraudulent transfer. Section 550(a) of the Bankruptcy Code provides that to the extent that a transfer is avoided under § 548 the trustee may recover the property transferred or, if the court so orders, the value of such property. 11 U.S.C. § 550(a) (Supp. IV 1986). Subsequent to the transfer, the defendant refinanced the residence. On the figures supplied by the testimony of the debtor and the defendant, the debtor's equity in the residence on the date of transfer was $39,-000.00. The defendant paid to the debtor only $10,000.00. I conclude that judgment should enter in favor of the trustee against the defendant in the sum of $29,000.00 plus costs.